LYLE A. FORGEY, APPELLANT, V. NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

724 N.W.2d 828

Filed August 29, 2006.   No. A-04-1088.

This opinion has been ordered permanently published by order of the Court of Appeals dated October 12, 2006.

Rodney J. Palmer, of Palmer & Flynn, P.C., for appellant.

Jon Bruning, Attorney General, Laura L. Neesen, and Milissa Johnson-Wiles for appellee.

INBODY, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Lyle A. Forgey appeals from the judgment of the district court for Brown County affirming a 1-year driver's license revocation imposed by the Department of Motor Vehicles (Department). Based on the reasons that follow, we affirm.

## BACKGROUND

On December 20, 2003, at approximately 1 a.m., Brown County Deputy Sheriff Sean Carson was on duty and started to follow a vehicle after he clocked the vehicle by radar traveling 51 miles per hour in a 65-mile-per-hour zone. As Carson

followed the vehicle for several miles on a highway, he observed the vehicle weaving in the traffic lane. Carson stopped the vehicle, which was operated by Forgey. Carson asked Forgey to exit his vehicle and to sit in the passenger's seat of Carson's patrol unit. Once Forgey was inside the unit, Carson detected an odor of alcohol coming from Forgey's person. Carson asked Forgey if he had drunk any alcoholic beverages that night, and Forgey advised that he "had a couple." Carson administered field sobriety tests and asked Forgey to take a preliminary breath test, which Forgey refused to do. Upon his refusal, Carson arrested Forgey for driving under the influence and took him to the Brown County sheriff's office. At the sheriff's office, a postarrest chemical advisement was read to Forgey and he refused to submit to any chemical tests. Carson testified that he recorded Forgey's refusal on a "Notice/Sworn Report/Temporary License" (sworn report) form, completed the form, and signed it in the presence of a notary. The Department received the sworn report on December 31, 2003.

Forgey filed a petition for administrative hearing with the Department, requesting a hearing to contest the revocation of his driver's license. On February 27, 2004, an administrative license revocation (ALR) hearing was held by telephone before a hearing officer for the Department. Carson testified for the Department, describing the events leading to and subsequent to Forgey's arrest, as previously set forth. The Department also offered the sworn report prepared by Carson, and it was received into evidence over Forgey's objection. Forgey testified in his own behalf and also called as a witness the dispatcher from the sheriff's office who was on duty the night Forgey was arrested.

On March 4, 2004, the hearing officer issued an order finding that Carson had probable cause to believe Forgey was operating a motor vehicle under the influence of alcohol and that Forgey had refused to submit to a chemical test. On March 5, the director of the Department formally adopted the order of the hearing officer and Forgey's license was revoked for a period of 1 year. See Neb. Rev. Stat. § 60-498.02 (Supp. 2003). Forgey appealed to the district court for Brown County, which affirmed the Department's order of revocation. Forgey now appeals to this court.

## ASSIGNMENTS OF ERROR

Forgey assigns that the district court erred in (1) finding that the 10-day time limit for filing the sworn report found in Neb. Rev. Stat. § 60-498.01(2) (Supp. 2003) is directory rather than mandatory and (2) failing to find that § 60-498.01(6)(c)(i) violates his right to due process by excluding Fourth Amendment issues from the ALR proceedings.

## STANDARD OF REVIEW

A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Chase v. Neth*, 269 Neb. 882, 697 N.W.2d 675 (2005); *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005); *Central States Tire Recycling of Neb. v. State*, 268 Neb. 712, 687 N.W.2d 681 (2004).

## ANALYSIS

Forgey first argues that the sworn report prepared by Carson was invalid because it was received 1 day late by the Department. Forgey was arrested on December 20, 2003, and the Department received the sworn report on December 31, 11 days after his arrest. Section 60-498.01(2) provides that "[t]he arresting peace officer *shall within ten days* forward to the director a sworn report . . . ." (Emphasis supplied.) Forgey argues that the 10-day time limit set forth in § 60-498.01(2) is mandatory, rather than directory as the district court concluded. Thus, he contends that

because the time limit was violated, the ALR proceedings should have been dismissed.

There is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions. *In re Interest of E.M.*, 13 Neb. App. 287, 691 N.W.2d 550 (2005); *Randall v. Department of Motor Vehicles*, 10 Neb. App. 469, 632 N.W.2d 799 (2001). As a general rule, in the construction of statutes, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *Id.* Nonetheless, while the word "shall" may render a particular statutory provision mandatory in character, when the spirit and purpose of the legislation require that the word "shall" be construed as permissive rather than mandatory, such will be done. *Id.* The Nebraska Supreme Court has addressed mandatory versus directory legislation in relation to time periods defined in statutes, although not in the context of ALR proceedings, and it has found on many occasions that time limitation language in statutes is directory rather than mandatory, despite the use of the word "shall." See, *State v. $1,947*, 255 Neb. 290, 583 N.W.2d 611 (1998); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996); *In re Interest of C.P.*, 235 Neb. 276, 455 N.W.2d 138 (1990); *State v. Steele*, 224 Neb. 476, 399 N.W.2d 267 (1987); *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977).

One test relied on by the Nebraska Supreme Court to determine whether a statutory provision containing the word "shall" is mandatory or directory is as follows:

" 'If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown.' "

*State v. $1,947*, 255 Neb. at 297, 583 N.W.2d at 616-17, quoting *Matter of Sopoci*, 467 N.W.2d 799 (Iowa 1991).

In *Randall v. Department of Motor Vehicles, supra*, this court addressed whether a time limitation in a regulation governing

continuances of an ALR hearing was directory or mandatory. Specifically, the regulation at issue, 247 Neb. Admin. Code, ch. 1, § 010.04 (1998), stated: " 'Continuances granted on the Director's own motion shall in no event continue the hearing beyond forty-five (45) days from the date of arrest.' " 10 Neb. App. at 473, 632 N.W.2d at 803. Relying on the test used by the Nebraska Supreme Court in *State v. $1,947, supra,* set forth above, the *Randall* court concluded that the time limitation in the regulation was not "essential to the main objective" of the ALR statutes. The court recognized: " '[T]he purpose of ALR is to protect the public from the health and safety hazards of drunk driving by quickly getting [driving while under the influence] offenders off the road. At the same time, the ALR statutes also further a purpose of deterring other Nebraskans from driving drunk." *Randall v. Department of Motor Vehicles,* 10 Neb. App. 469, 477, 632 N.W.2d 799, 806 (2001), quoting *State v. Young,* 249 Neb. 539, 544 N.W.2d 808 (1996). The *Randall* court concluded that the time limitation in the regulation was not essential to the purpose of the ALR statutes, but, rather, that the time limitation ensured order and promptness in ALR proceedings. The court stated: "The failure to strictly abide by the time limitation in [the regulation] does not interfere with the fundamental purpose of the ALR statutes. The main goal of removing drunk drivers off the roads can still be attained when hearings are held past the 45-day time limitation." 10 Neb. App. at 478, 632 N.W.2d at 806. The court further stated that any violation of the regulation which occurred did not invalidate the ALR proceedings unless the motorist could show that he was prejudiced by the delay in the ALR hearing, and the motorist did not argue that he was prejudiced.

In addition, the *Randall* court relied on *In re Interest of Brandy M. et al.,* 250 Neb. 510, 550 N.W.2d 17 (1996), in which the Nebraska Supreme Court held that a legislative enactment providing that an act be accomplished within a specified time period, with no sanction for failure to comply with that mandate, is directory. The *Randall* court noted that the Nebraska Administrative Code did not contain any sanctions for noncompliance with the 45-day limitation under the regulation. The *Randall* court concluded that the regulation at issue was directory

rather than mandatory and that any violation of such time limit did not invalidate the ALR proceedings.

In the instant case, we conclude that the time limitation in § 60-498.01(2) is not "essential to the main objective" of the ALR statutes, which objective, as previously stated, is to protect the public from the health and safety hazards of drunk driving by quickly getting offenders off the road. As in *Randall v. Department of Motor Vehicles, supra,* the time limitation in the present case ensures order and promptness in ALR proceedings and the failure to strictly abide by the 10-day time limit does not interfere with the principal purpose of the ALR statutes. Further, Forgey does not allege that he was prejudiced by the late filing and there is no indication in the record that he suffered any prejudice as a result of the untimely filing. The sworn report was filed late by only 1 day and did not result in a delayed hearing or in any other consequence adverse to Forgey. Further, it is apparent that the time limitation in § 60-498.01(2) should be considered directory and not mandatory, because there is no sanction attached to an officer's failure to file the sworn report with the Department within 10 days.

We conclude that the 10-day time limit set forth in § 60-498.01(2) is directory rather than mandatory and that thus, the violation of such time limit did not invalidate Forgey's ALR proceedings. Forgey's first assignment of error is without merit.

Forgey next assigns that the district court erred in failing to find that § 60-498.01(6)(c)(i) violates his right to due process under the 14th Amendment by excluding 4th Amendment issues from the ALR proceedings. Section 60-498.01(6)(c)(i) limits the issues under dispute at an ALR hearing in the case of a refusal to submit to a chemical test to the following:

> (A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 . . . ; and

> (B) Did the person refuse to submit to or fail to complete a chemical test after being requested to do so by the peace officer[.]

As a result of an amendment to § 60-498.01 which became operative on October 1, 2003, the statute no longer requires the State to establish the validity of the arrest.

Forgey contends that it is a due process violation to not permit a motorist who refuses to submit to a chemical test to challenge the validity of the arrest on Fourth Amendment grounds at the ALR hearing. The Nebraska Supreme Court in *Chase v. Neth*, 269 Neb. 882, 697 N.W.2d 675 (2005), addressed the same issue that Forgey presents. In *Chase*, the motorist was arrested for driving under the influence and refused to submit to a chemical test. Following an ALR hearing, the motorist's license was revoked for 1 year. The motorist appealed to the district court, which reversed the revocation based upon its determination that the motorist's right to due process was violated because the ALR statutes did not permit her to directly or indirectly challenge the validity of her arrest. The Department appealed, assigning that the district court erred in finding § 60-498.01 unconstitutional as it applies to cases where the motorist refuses to submit to a chemical test.

The *Chase* court reversed the judgment of the district court and remanded the cause for further proceedings. The *Chase* court held that the absence of a statutory procedure to challenge the validity of the traffic stop on Fourth Amendment grounds in an ALR proceeding does not constitute a denial of due process as applied to motorists who refuse to submit to a chemical test of alcohol concentration. The court further concluded that the administrative hearing and judicial review provisions of § 60-498.01 provide motorists with meaningful notice and an opportunity to be heard and, thus, fully comport with due process.

Based on the holding in *Chase v. Neth, supra*, Forgey's right to due process was not violated by § 60-498.01, which excluded him from challenging the validity of his arrest, and the applicable ALR statutes satisfied his right to due process. Accordingly, Forgey's second assignment of error is without merit.

## CONCLUSION

For the reasons set forth above, the judgment of the district court affirming the order of revocation by the Department is affirmed.

AFFIRMED.