741 N.W.2d 682 (2007)
16 Neb. App. 44
Kelly S. THOMSEN, Appellee
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, Appellant.
No. A-05-1570.
Court of Appeals of Nebraska.
October 23, 2007.
*683 Jon Bruning, Attorney General, and Edward G. Vierk for appellant.
Adam J. Sipple, of Johnson & Mock, Oakland, for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
The district court for Dodge County reversed the administrative revocation of *684 Kelly S. Thomsen's motor vehicle operator's license because the Nebraska Department of Motor Vehicles (DMV) did not receive the sworn report from the arresting officer within the statutory time limit  10 days from the date of arrest. DMV appeals. We determine that the statutory time limit is directory rather than mandatory and reverse the judgment below.

BACKGROUND
We limit our recitation of facts to those relevant to the narrow issue presented. On July 8, 2005, a Nebraska State Patrol officer arrested Thomsen for driving under the influence of alcohol. After observing the result of a breath test administered by a local corrections officer, the arresting officer completed a sworn report; signed the report in the presence of a notary public; read the verbal notice portion of the report, which notified Thomsen that his operator's license would automatically be revoked 30 days after the date of his arrest but that he had the right to contest the revocation; gave Thomsen a copy of a temporary license; and "cause[d] the original ... to be sent to [DMV]." DMV received the sworn report on July 19. On cross-examination during an administrative license revocation (ALR) hearing, the arresting officer admitted that he had no explanation for why DMV did not receive the report within 10 days of the arrest. He testified that he "had to submit [the sworn report] to a supervisor" on the night of the arrest and admitted that he "d[id]n't know what happened from there."
After the ALR hearing, the director of DMV revoked Thomsen's operator's license and privilege to operate a motor vehicle in the State of Nebraska for 90 days. Thomsen challenged the revocation in the district court.
Relying upon two decisions of the Nebraska Supreme Court, which decisions we discuss in the analysis section below, the district court concluded that the arresting officer "must strictly comply with the requirements of [Neb.Rev.Stat.] § 60-498.01 [(Reissue 2004)]." The court concluded, "Due to the fact that the [d]irector of [DMV] did not timely receive the arresting officer's sworn report, ... the final decision of the [d]irector was not supported by competent evidence and the revocation should be reversed."
DMV timely appeals.

ASSIGNMENT OF ERROR
We consolidate DMV's three assignments of error to one: The district court erred in determining that because DMV did not receive the sworn report within 10 days of the date of arrest, the revocation must be reversed.

STANDARD OF REVIEW
[1, 2] A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Chase 3000, Inc. v. Nebraska Pub. Serv. Comm., 273 Neb. 133, 728 N.W.2d 560 (2007).
[3] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. Burns v. Nielsen, 273 Neb. 724, 732 N.W.2d 640 (2007).

*685 ANALYSIS
Neb.Rev.Stat. § 60-498.01(3) (Reissue 2004) pertains to arrests of motorists who submit to a chemical test that discloses the presence of alcohol. Section 60-498.01(3) states, in pertinent part:
The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196.
[4] In Forgey v. Nebraska Dept. of Motor Vehicles, 15 Neb.App. 191, 724 N.W.2d 828 (2006), this court held that the 10-day time limit set forth in § 60-498.01(2), which addresses license revocations of motorists who refuse to submit to a chemical test of their blood, breath, or urine, is directory rather than mandatory. Thus, the violation of such time limit did not invalidate the ALR proceedings. The 10-day time limit set forth in § 60-498.01(2) is similar to the time limit in § 60-498.01(3) set forth above. DMV contends that our decision in Forgey controls the result of the case before us.
Thomsen does not attempt to distinguish the instant case from Forgey based on the differences between § 60-498.01(2) and (3). He contends that the decisions of the Nebraska Supreme Court in Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005), and Arndt v. Department of Motor Vehicles, 270 Neb. 172, 699 N.W.2d 39 (2005), contradict our decision in Forgey and support the district court's decision in the instant case. We observe that the district court's decision came before the release of our opinion in Forgey.
DMV also argues that § 60-498.01(3) does not require that DMV receive the report within 10 days of arrest, but, rather, that the arresting officer "forward" the report within that time. Brief for appellant at 10. DMV argues that its receipt of the report on the 11th day "gives rise to the logical inference that the sworn report was forwarded ... no later than [the 10th day after the arrest]." Id. at 11. However, there is no evidence in the record of the means used to transport the sworn report. An equally logical inference is that some person, either the arresting officer's supervisor or another person, personally delivered the sworn report to DMV on the date of receipt and after the expiration of the 10-day period. We therefore turn to an examination of the cases upon which Thomsen relies.
In Arndt v. Department of Motor Vehicles, supra, the first law enforcement officer on the scene conducted the traffic stop; observed the motorist's intoxication; conducted the field sobriety tests, including a preliminary breath test; and placed the motorist under arrest. The law enforcement officer who submitted the sworn report arrived after the arrest to transport the motorist to the county jail and observe the administration of a breath test. Because the second officer was not present at the scene of the arrest for purposes of assisting in it, the Arndt court determined that the sworn report had not been submitted by the "arresting peace officer" within the meaning of § 60-498.01(3). In the case before us, the arresting peace officer was the person who completed and submitted the sworn report. Thus, the Arndt decision provides no answer to the specific question before us. The other case cited by Thomsen, however, does address principles which apply to the instant case.
*686 In Hahn v. Neth, supra, the arresting peace officer neglected to indicate in the sworn report whether the chemical test administered was of the motorist's blood or breath. The Hahn court noted the express requirement of the then-effective statute that the sworn report state the type of test to which the motorist submitted. The court affirmed the district court's determination that the director of DMV did not acquire jurisdiction to administratively revoke the motorist's operator's license. Thomsen's argument seems to rely upon the court's statement that "`when the applicable rules and regulations are not strictly complied with, [DMV] cannot obtain the benefit of a presumption that all facts recited in the sworn report are true.'" Hahn v. Neth, 270 Neb. 164, 168-69, 699 N.W.2d 32, 37 (2005), quoting Morrissey v. Department of Motor Vehicles, 264 Neb. 456, 647 N.W.2d 644 (2002).
[5, 6] Significantly, however, the Hahn court also stated that "technical deficiencies in the sworn report do not defeat administrative jurisdiction." 270 Neb. at 170, 699 N.W.2d at 38. The court recognized the difficulty in defining the point at which an omission on a sworn report becomes a jurisdictional defect, as opposed to a technical one. The court concluded that "the test should be whether, notwithstanding the omission, the sworn report conveys the information required by the applicable statute." Id. at 171, 699 N.W.2d at 38.
In the case before us, the sworn report admittedly contains all of the required information. Thomsen's jurisdictional claim relies solely upon the time component of the statute. In Forgey v. Nebraska Dept. of Motor Vehicles, 15 Neb.App. 191, 724 N.W.2d 828 (2006), this court concluded that the time limitation in § 60-498.01(2) was not essential to the main objective of the ALR statutes, which objective is to protect the public from the health and safety hazards of drunk driving by quickly getting offenders off the road. We set forth a lengthy exposition of the law used to determine whether a statutory provision is mandatory or directory. The reasoning in Forgey is equally applicable to the time limitation in § 60-498.01(3).
Finally, Thomsen quarrels with our determination in Forgey that there is no sanction attached to an arresting officer's failure to file the sworn report with DMV within 10 days. He relies upon § 60-498.01(5)(a), which states:
If the results of a chemical test indicate the presence of alcohol in a concentration specified in section 60-6,196, the results are not available to the arresting peace officer while the arrested person is in custody, and the notice of revocation has not been served as required by subsection (4) of this section, the peace officer shall forward to the director a sworn report containing the information prescribed by subsection (3) of this section within ten days after receipt of the results of the chemical test. If the sworn report is not received within ten days, the revocation shall not take effect.
The last sentence of § 60-498.01(5)(a) clearly modifies only the preceding sentence and does not apply to the other subsections. DMV argues, and we agree, that under § 60-498.01(5)(a), motorists do not receive notice at the time of arrest of the intention to confiscate and revoke, in contrast to the notice provided to motorists in situations controlled by § 60-498.01(3). DMV concedes that sound policy reasons exist for requiring the time provision of § 60-498.01(5)(a) to be mandatory. Thomsen provides no such reasons to support his argument regarding § 60-498.01(3).

*687 CONCLUSION
We hold that the 10-day time limit set forth in § 60-498.01(3) is directory rather than mandatory. The district court erred in determining that the violation of the time limit invalidated Thomsen's ALR proceedings. We reverse the judgment of the district court and remand the cause to that court with directions to reinstate the administrative revocation of Thomsen's operator's license.
REVERSED AND REMANDED WITH DIRECTIONS.