GUSTAVE SPITZNAGLE, PLAINTIFF IN ERROR, V. CHRISTINA VANHESSCH AND OTHERS, DEFENDANTS IN ERROR.

1. **Deed**: ACKNOWLEDGMENT: CERTIFICATE OF. A certificate of acknowledgment to a deed, which showed simply that the grantors appeared before the officer taking it "and acknowledged that they executed the same," *Held*, invalid.

2. ———: ———: ———. The certificate must show that the execution of the deed is "voluntary" on the part of the grantor.

3. ———: ———: ———. A certificate of acknowledgment, in which it was shown that the grantors appeared and acknowledged the instrument to be "their voluntary act," omitting the words "and deed," *Held*, To be a substantial compliance with the statute.

4. **Action to Recover Real Property**: PROOF OF TITLE. In a real action brought by the heirs at law of a deceased person against one holding simply under an invalid tax deed, the seizin of the deceased ancestor is sufficiently proved to warrant a recovery, by showing his actual possession of the premises at the time of his death.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. R. Scott* and *A. Schoenheit*, for plaintiff in error.

1. Deeds were inadmissible. Comp. Stat., 387, sec. 2. *Dickerson v. Davis*, 12 Iowa, 353. *Becker v. Anderson*, 11 Neb., 497.

2. The deeds were not conveyances so as to pass title. At best they were, as a matter of equity, only contracts to convey. *Barr v. Hatch*, Ohio, 3, 527, 528. *Carr v. Williams et al.*, 10 Ohio, 305.

3. The plaintiff in error was not liable for the enhanced rent of the premises caused by improvements put thereon by his own labor. *Adkins v. Hudson*, 19 Ind., 392. *Nixon v. Porter*, 38 Miss., 401. *Neale v. Hagthrop*, 3 Bland (Md.), 551.

*E. W. Thomas* and *Amos E. Gantt,* for defendants in error, on admissibility of deeds cited: 2 Wait's Actions and Defences, 499. *Ready v. Kearsley,* 14 Mich., 215. *Meriam v. Harsen,* 2 Barb. Ch., 232. *Dennis v. Tarpenny,* 20 Barb., 371. *Dovar v. Cardwell,* 27 Ind., 478. Title of defendants in error was good. Possession was evidence of title. *Ward v. McIntosh,* 12 O. St., 231. *O'Brien v. Wetherell,* 14 Kan., 622. *Keane v. Cannovan,* 21 Cal., 292, 305. *Sherin v. Larson,* 28 Minn., 523. *Burt v. Panjaud,* 99 U. S., 180.

LAKE, CH. J.

Christina Vanhessch, formerly Christina Eckstein, as the widow, and her co-defendants in error, as the children and heirs at law of Henry Eckstein, deceased, were plaintiffs in the court below, and brought their action to recover from the plaintiff in error the land in controversy, [together with damages for its occupation and use], of which the said Henry died possessed, and claiming to be the owner in fee, about the year 1866. The plaintiff in error claimed the title to the land by virtue of tax proceedings culminating in a tax deed executed by the treasurer of Richardson county on the 13th day of September, 1878.

A large number of errors are formally assigned, but in this opinion we shall notice only those discussed by counsel for the plaintiffs in error, in their brief.

It having been stipulated by the parties on the trial that the land in question had been duly patented by the United States to Juliette Barrada, through whom Henry Eckstein claimed title, two deeds were offered in evidence for the purpose of tracing the title from the said Juliette to him. These deeds were objected to on the ground that the certificates of acknowledgment did not show a compliance with the statute, which requires that the grantor in a deed of real estate "must acknowledge the instrument to be his

voluntary act and deed." Sec. 2, chap. 73., Comp. Statutes.

To the first of these deeds the certificate is that, the grantors personally appeared, etc., "and acknowledged that they executed the same;" and to the other, that they appeared, "and acknowledged that it was their voluntary act," omitting the words "and deed." The first of these acknowledgments is clearly defective. It is wanting in that which is evidently of the very essence of the statutory requirement, viz., that the execution of the instrument was *voluntary* on the part of the grantors. It is true that the exact words of the statute are not indispensable to a good certificate of acknowledgment; provided, however, that the full meaning intended to be conveyed by them is otherwise clearly expressed. But, either the language of the statute, or other of like import, must be used. *Wickersham v. Reeves,* 1 Ia., 413. *Owen v. Norris,* 5 Blackf., 479. *Becker v. Anderson,* 11 Neb., 497. This deed was inadmissible.

As to the other certificate, however, we must hold that it was not vitiated by the omission of the words "and deed," and was therefore properly admitted in evidence; but, being unsupported by valid proof of a conveyance to the grantor therein, it was valueless. The reason for our holding the omission of these words to be unimportant is, that the evident object of the statute is fully attained without them. The design of the provision clearly is to guard the action of a grantor in the execution of a conveyance of his property, and to have the assurance of his own admission, in a preservable form, that it was not induced by compulsion, or other improper influence, but was the result of his own free choice. Besides, inasmuch as the completed deed is but the result of the grantor's action—an act accomplished—if that action be voluntary, the deed, or act itself, must necessarily be so too. But we might have disposed of all questions respecting these instruments summarily. The deeds were not necessary evidence in the case. The

title of the defendants in error was fully established without them, by the fact that Henry Eckstein, their ancestor, was in the actual occupation of the land, claiming to be the owner, and improving it, at the time of his death. The presumption arising from such possession alone is that he was the owner in fee, to overcome which it devolved upon the plaintiff in error, either to show for himself an anterior possession, or to trace his own title to a paramount source, neither of which he did. *Burt v Panjaud*, 99 U. S., 180. *Keane v. Cannovan*, 21 Cal., 291. *Ward v. McIntosh*, 12 Ohio St., 231. The seizin of the deceased ancestor was proved by showing his actual possession of the premises, and this in the absence of a showing to the contrary was sufficient. 3 Phillips on Ev., Cowin & Hill's and Edwards' notes, 595. The title of the defendants in error having been thus established, all that the plaintiff in error offered against it was the tax deed through which he claimed. This, however, was held to be invalid, and the ruling of the court in this particular is not complained of.

It is also complained that the court erred in holding the plaintiff in error liable for the rental value of the land as enhanced by a fence which he put upon it. We find in the record, however, nothing to warrant the assumption that this was done. The court found the rental value to be fifty dollars a year during the time Spitznagle occupied it. There was testimony tending to show that it was worth considerably more than this, and even as much as one hundred dollars for one year, and seventy-five dollars for each of the other two. It is unnecessary therefore to determine whether the mode which it is claimed the court adopted in estimating the mesne profits was the correct one or not. The finding is clearly supported by the evidence, and the judgment must be affirmed.

JUDGMENT AFFIRMED.