GEORGE BUCK, JR., V. JAMES D. GAGE.

[FILED SEPTEMBER 17, 1889.]

1. **Ejectment:** RECORD SUBSTITUTED FOR ORIGINAL DEED. Under the provisions of section 13, of chapter 73, of the Compiled Statutes of 1887, the record of a deed duly recorded, or a transcript thereof duly certified, may be read in evidence with like force and effect as the original deed whenever, by the party's oath or otherwise, the original is known to be lost, or not belonging to the party seeking to use it, nor within his control; and therefore, in an action in ejectment, where the defendant seeks to prove title in a stranger as a defense, and it sufficiently appears that the original deed does not belong to him, a copy of the record will be competent evidence in the first instance, without proof of the loss of the original, or that it is not under the control of the party seeking to use it.

2. ———: GROUNDS OF RECOVERY. In an action in ejectment, plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of the defendant in possession.

3. ———: ACKNOWLEDGMENT ANTEDATING DEED: ADMISSIBILITY. The certificate of acknowledgment as shown by the record of a deed, was dated on the 16th day of August, 1872, while the deed itself bore date of the 16th day of October of the same year. It was *held* that the date of the certificate of acknowledgment would prevail over that of the deed, and that the district court did not err in admitting a copy of the record in evidence, when objected to on account of the discrepancy in dates.

ERROR to the district court for Franklin county. Tried below before GASLIN, J.

*H. Whitmoyer*, and *Case & McNeny*, for plaintiff in error:

The record was introduced in evidence without proper foundation, as required by sec. 13, ch. 73, Comp. Stats., 1887. The evidence fails to establish a subsisting legal title in the Franklin Town Company, such as is necessary when defendant in ejectment sets up an outstanding legal title. (*Jackson v. Hudson*, 3 Johns., 375; 3 Am. Dec., 501; *Bennett v. Horr*, 47 Mich., 221; *McDonald v. Schneider*, 27 Mo., 405; *Sutton v. McLeod*, 29 Ga., 589). The Franklin Town Company was never organized, and was not a competent grantee; hence the conveyance was invalid. (*Miller v. Chittenden*, 2 Iowa, 368; *Jackson v. Cory*, 8 Johns, 385; *Bundy v. Birdsall*, 29 Barb., 31; *Hulick v. Scovil*, 4 Gilm. (Ill.) 159.)

*E. A. Fletcher*, for defendant in error:

Plaintiff was not a *bona fide* purchaser for value. (*Broadwell v. Merrett*, 2 West. Rep. (Mo.), 182; *Uhl v. Rau*, 13 Neb., 361; 3 Wait's Act. and Def., 13; *Fowler v. Nixon*, 7 Heisk. [Tenn.], 719.) One who acquires by a quit-claim deed is not an innocent purchaser. (*McAdow v. Black*, 6 Mont., 601; *Snowdon v. Tyler*, 21 Neb., 199; *Wine v. Woods*, 7 West. Rep. (Ind.), 534; *Stokes v. Riley*, 6 West. Rep. (Ill.), 784; *Huber v. Bossart*, 70 Ia., 718; *May v. LeClaire*, 11 Wall., 232.) Only a purchaser for value can take advantage of defects in acknowledgment of deed. (*Bishop v. Schneider*, 46 Mo., 482.) Since plaintiff's grantor could not have raised a question as to the acknowledgment of deed offered in evidence by defendant, plaintiff cannot do so. (*Harrison v. McWhirter*, 12 Neb., 155; Freeman on Judgments, 91, 165; Bigelow on Estoppel, 82; Field on Corporations, sec. 386; *Smith v. Sheeley*, 12 Wall.,

361; *Broadwell v. Merrett, supra.*) Corporate existence cannot be questioned in a collateral proceeding. (Cooley, Const. Lim., 254; Bliss, Code Pl., 253; 2 Parsons on Cont. (7 Ed.), 942, N.) As the parties to this suit were not parties to the original deeds the record of the same was admissible without showing their loss. (*Delaney v. Errickson*, 10 Neb., 500; 1 Green. Ev. (14 Ed.), sec. 91 and N. *b.*) The record of the deeds was *prima facie* evidence of delivery (which was the execution of the bargain), and date of deed is immaterial. (*Fowler v. Merrell*, 11 How. [U. S.,] 375.) Post-dating would not prevent a deed operating at once when delivered. (*Stonebreaker v. Kerr*, 40 Ind., 186; *Partridge v. Swazey*, 46 Me., 414; *Jacobs v. Denison*, 1 New Eng. Rep. (Mass.), 765.) The recording of the deed was conclusive evidence that the original was genuine, and the record would not be impeached collaterally by an offer to show a discrepancy between it and the original. (*Ames v. Phelps*, 18 Pick., 314; *Fuller v. Cunningham*, 105 Mass., 442; *Adams v. Pratt*, 109 Id., 59; *Chapin v. Kingsbury*, 138 Id., 194, 196.) It is immaterial that the acknowledgment antedates the deed. (*Hagenbuch v. Phillips*, 3 Cent. Rep. (Pa.), 154, 155.) Defendant did not need to show title in himself. (2 Green. Ev., secs. 307, N. *d.*; 331, N.; 3 Wait's Act. and Def., 109; *East v. Pedin*, 6 West. Rep., 291; Sedg. and W., Title, [2d Ed.], secs. 507, 831; *Love v. Simms*, 9 Wheat., 515; *Partridge v. Shepard*, 12 Pac. Rep., 480.)

REESE, CH. J.

This action was instituted in the district court of Franklin county, and was in ejectment for the possession of the west half of the southwest quarter of section 31, township 2 north, range 14 west, in that county. The petition was in the usual form. The answer denied plaintiff's estate in the land and denied his right of possession. The cause was

tried to the court without the intervention of a jury, and resulted in a finding that plaintiff did not have the legal title to the property and was not entitled to the possession thereof, and in a judgment in favor of defendant. Plaintiff filed his motion for a new trial, alleging as grounds therefor:

"*First.* The verdict is not sustained by sufficient evidence;

"*Second.* The verdict is contrary to law;

"*Third.* Errors of law occurring at the trial and excepted to by plaintiff at the time."

This motion being overruled, plaintiff brings the cause to this court by proceedings in error. It appears from the record that the land was patented by the United States to E. A. Kirkpatrick, and that on the 15th day of August, 1872, he sold and conveyed it by warranty deed to I. T. Roberts for the consideration of $400, and that on the 1st day of October of the same year Roberts, for the consideration of $500, sold and conveyed by warranty deed to the Franklin Town Company. Subsequent to Kirkpatrick's conveyance to Roberts, and on the 17th day of July, 1883, Kirkpatrick by a quit-claim deed for the consideration of $50, conveyed the land to plaintiff, and on the next day, for the consideration of $20, Roberts made a similar conveyance to plaintiff. The original deeds were not introduced in evidence, copies of the deed record being used. Those introduced by plaintiff were received without objection. Those introduced by defendant were objected to on the ground that no sufficient foundation had been laid for their introduction, there being no proof of the loss of the original deed, nor that they were not in the possession of the defendant. This objection was overruled, and the ruling of the district court is now assigned for error. Sec. 13, of chapter 73, of the Compiled Statutes of 1887, is in part as follows:

"The record of a deed duly recorded, or a transcript thereof duly certified, may also be read in evidence with the like force and effect as the original deed, whenever by the

party's oath or otherwise, the original is known to be lost, or not belonging to the party wishing to use the same, nor within his control."

In *Delany v. Errickson,* 10 Neb., 500, where the deed to the grantor of the party wishing to use the record included a large number of descriptions of real estate in addition to that claimed by the party seeking to use the record, it was held that the record was competent evidence in the first instance, without proving the loss of the original deed. By an examination of that portion of the section above quoted, it will be observed that the record of a deed is competent evidence in the first instance whenever by the party's oath or otherwise the original is known to be lost, or not belonging to the party wishing to use it, nor within his control. And it was very clear to the mind of the court, no doubt, and sufficient proof had been made, that the original deed, a copy of which was introduced in evidence, did not belong to the party wishing to use it, as he was a stranger to the conveyance and was not entitled to its possession or control. It may be admitted that so far as it was disclosed he claimed nothing under it, yet it was competent evidence for the purpose of showing that the grantor of plaintiff had parted with his title prior to his conveyance to the plaintiff, and that thereby plaintiff received no title by the quit-claim deed hereinbefore referred to, his grantor having no title to convey. If plaintiff recover at all he must recover upon the strength of his own title and not upon the weakness of that of his adversary. (*Franklin v. Kelly,* 2 Neb., 112; *Morton v. Green,* Id., 451; *Butler v. Davis,* 5 Id., 525; *O'Brien v. Gaslin,* 24 Id., 562.)

Defendant being in possession it was competent for him to show title in any party who was a stranger to the action for the purpose of defeating the alleged title set up by plaintiff. (2 Greenleaf on Evidence [14th Ed.], sec. 307.)

"It is a maxim of our law that the party in possession of property is considered to be the owner until the con-

trary is proved. It is necessary, therefore, for a claimant in ejectment to show in himself a good and sufficient title to the disputed lands. He will not be assisted by the weakness of defendant's claim, for the possession of the latter gives him a right against every man who cannot establish a title. If he can answer the case on the part of the claimant by showing the real title to be in another, it will be sufficient for his defense (excepting, of course, those cases in which the defendant is estopped from disputing the claimant's title), although he does not pretend that he holds the lands with the consent or under the authority of the real owner." (Adams on Ejectment, 33.)

Again, it is insisted that the court erred in admitting in evidence the record of the deed from Kirkpatrick to Roberts, for the reason that the date of the acknowledgment, as shown by the certificate, was the 16th day of August, 1872, while the date of the deed itself was the 16th day of October of the same year. This objection cannot avail plaintiff in error. While there is a discrepancy between the date of the deed and the date upon which it was acknowledged, the date of the acknowledgment must prevail, and in that case the date of the instrument itself is of but secondary importance. The officer before whom the acknowledgment was taken, certified that upon the day named in the certificate the grantor appeared before him and acknowledged the execution of that particular deed to be his voluntary ac and deed, and by such acknowledgment and subsequent recording, vitality was given to the deed as to third parties. As between the parties to it, it was valid and binding without either. (*Harrison v. Mc Whirter*, 12 Neb., 152.) There was no proof that the Franklin Town Company to which Roberts had made the deed of conveyance was incorporated under the laws of this state, nor that it still held the title conveyed to it by the deed referred to. As to the first contention that it was necessary to prove the incorporation of that company, it may be disposed of in a few

words by the remark that it was shown upon the trial that plaintiff was himself at one time a member of and an active agent for the said Franklin Town Company during the time that it claimed to hold title to the real estate in question.    Whether or not as such agent he assumed to act for the company in dealing with any of the property involved in this litigation it is not necessary to enquire, yet we think it sufficiently appears that he did.    The court therefore would not require that strict proof of legal corporate capacity which might be required under other circumstances.    As to the suggestion that there was no proof of continuing title in the company, it must be sufficient to say that there was no defeasance in its title deeds and no proof that it had ever conveyed its title to another.

Taking the whole case together it is apparent that although defendant in error may not have had the title to the property at the time of the commencement of the action or at the time of the trial, yet it is very clear that plaintiff had no such title and that he could not recover against anyone in possession.    So far as we are able to see, the judgment of the district court was correct and will therefore be affirmed.

JUDGMENT AFFIRMED.

The other Judges concur.