777 N.W.2d 586 (2010)
18 Neb. App. 237
Parker J. LAW, appellee,
v.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, appellant.
No. A-09-332.
Court of Appeals of Nebraska.
January 19, 2010.
*587 Jon Bruning, Attorney General, and Milissa Johnson-Wiles, Lincoln, for appellant.
No appearance for appellee.
INBODY, Chief Judge, and IRWIN and CARLSON, Judges.
INBODY, Chief Judge.

INTRODUCTION
The Nebraska Department of Motor Vehicles (DMV) appeals the decision of the district court for Douglas County reversing the DMV's revocation of Parker J. Law's driving privileges for 1 year. The DMV contends that the district court erred in determining that the sworn report was defective because it contained signatures for only one of the two arresting officers listed on the sworn report.

STATEMENT OF FACTS
After Law was arrested for driving under the influence of alcohol, Omaha police officer Joe Eischeid submitted a sworn report to the director of the DMV. The sworn report was submitted within 10 days of Law's arrest and listed Officer Eischeid and another officer as arresting officers; however, only Officer Eischeid's signature appeared on the sworn report. The sworn report set forth that Law had been arrested pursuant to Neb.Rev.Stat. § 60-6,197 (Reissue 2004) and listed the reasons for the arrest as follows: "Subject involved in a domestic disturbance. Subject drove vehicle into victim's vehicle. Subject showed signs of impairment, bloodshot & watery eyes, strong odor of alcohol & unsteady on *588 feet. Refused FST, PBT & chemical test." The sworn report further set forth that Law was directed to submit to a chemical test and refused to submit to the requested test.
Following an administrative hearing, the director of the DMV administratively revoked Law's driving privileges for 1 year. Law appealed to the district court pursuant to the Administrative Procedure Act. The district court determined that the sworn report did not comply with relevant administrative rules and regulations, because it did not contain the notarized signatures of both arresting officers. The court found that the DMV lost the benefit of the sworn report establishing the DMV's prima facie case and that no other admissible evidence established grounds for the revocation of Law's license. Consequently, the court reversed and vacated the order revoking Law's driving privileges. The DMV has appealed to this court.

ASSIGNMENT OF ERROR
The DMV contends, summarized and restated, that the district court erred in finding that the sworn report was defective for failing to have the signatures of both arresting officers listed on the report.

STANDARD OF REVIEW
A judgment or final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Thomsen v. Nebraska Dept. of Motor Vehicles, 16 Neb.App. 44, 741 N.W.2d 682 (2007).
Whether the sworn report of a law enforcement officer is sufficient to confer jurisdiction on the DMV is a question of law, and an appellate court reaches a conclusion independent of that reached by the lower court. Johnson v. Neth, 276 Neb. 886, 758 N.W.2d 395 (2008); Moyer v. Nebraska Dept. of Motor Vehicles, 275 Neb. 688, 747 N.W.2d 924 (2008).

ANALYSIS
The issue presented to this court deals with the sufficiency of the sworn report where the report identifies two arresting officers, but contains the signature of only one of those officers. This question is important because a sworn report that fails to fully comply with the requirements of the administrative license revocation statutes does not confer jurisdiction upon the director of the DMV to revoke a motorist's license. Johnson v. Neth, supra.
Neb.Rev.Stat. § 60-498.01(2) (Reissue 2004) provides, in part, that if an officer arrests an individual for driving under the influence and the individual refuses to submit to the required chemical test of blood, breath, or urine,
[t]he arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was arrested as described in subsection (2) of section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person refused to submit to the required test.
The State argues that § 60-498.01(2) does not require the signatures of all officers listed on the sworn report. The State contends that such a statutory construction imposes a jurisdictional requirement *589 which is not mandated by the statutory language.
Although the Nebraska Supreme Court has not addressed the particular issue of whether all arresting officers listed on a sworn report must sign the report, the court has held that an arresting officer is an officer who is present at the scene of the arrest for purposes of assisting in it; consequently, more than one officer can qualify as an "arresting" officer. See Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). For example, in Betterman, three officers were identified as arresting officers and each signed the sworn report. However, the issue was not raised whether having all three arresting officers identified on the report sign the report was a jurisdictional requirement.
Clearly, when two arresting officers are identified on the sworn report and only one arresting officer signs the report, a deficiency or omission is present. However, the question is whether the omission on the sworn report constitutes a jurisdictional defect or a mere technical defect. See, Betterman, supra; Hahn v. Neth, 270 Neb. 164, 699 N.W.2d 32 (2005). In determining whether an omission on a sworn report is a jurisdictional defect, as opposed to a technical one, the test is whether, notwithstanding the omission, the sworn report conveys the information required by the applicable statute. Betterman, supra; Hahn, supra.
In this case, the sworn report completed and signed by Officer Eischeid, who is identified as one of the arresting officers, contained the information required by § 60-498.01(2): that Law was arrested as described in § 60-6,197 and the reasons for such arrest, that Law was requested to submit to the required test, and that Law refused to submit to the required test. Since the sworn report, as submitted, conveys that information required by the applicable statutein this case, § 60-498.01(2) we find that the omission of the second arresting officer's signature on the report is a technical deficiency that did not deprive the DMV of jurisdiction.

CONCLUSION
We conclude that the sworn report in this case complied with the statutory requirements of § 60-498.01(2) and that thus, the omission of the second arresting officer's signature on the sworn report was a technical defect and the sworn report conferred jurisdiction on the DMV. Therefore, the decision of the district court is reversed and the cause is remanded with directions to the district court to enter an order affirming the decision of the DMV in all respects as originally entered by the DMV.
REVERSED AND REMANDED WITH DIRECTIONS.